Irvin Junior FOSTER, Petitioner–Appellant,

v.

Dennis STRAUB, Acting Warden, Respondents–Appellee.

No. 00–1356.

United States Court of Appeals, Sixth Circuit.

Oct. 1, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; and WELLS, District Judge.[*]

MERRITT, Circuit Judge.

In this habeas corpus case brought under 28 U.S.C. § 2254, the petitioner-appellant, Irvin Junior Foster, raises three issues. The first issue is whether the testimony by a confederate who participated along with the petitioner in the sale of cocaine should have been permitted to refer to the fact that he had pled guilty to the same offense and entered into a plea bargain with the state. The second issue

---

[*] The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

is whether the state trial judge was guilty of improper interference in the presentation of testimony and showed a personal bias sufficient to violate due process of law requiring a guilty verdict in the state court to be set aside. The third issue is whether the evidence is sufficient under the Due Process Clause to permit a finding of guilt.

Like the District Court and the State Court of Appeals in Michigan, we regard the evidence presented at trial as demonstrating clearly and beyond any doubt that petitioner was guilty of the drug offenses for which he was convicted. On the question of sufficiency of the evidence, we agree with District Judge John O'Meara's conclusion on the sufficiency of the evidence found at App. 58–60. Essentially the evidence shows that the petitioner Foster was caught in the act of selling drugs to a undercover police officer. With respect to the claim of judicial bias at the state trial, we agree with Judge O'Meara's disposition of this claim found in the App. at pp. 51–54. We agree that the trial judge's conduct did not demonstrate bias and did not deprive the petitioner of his right to a fair trial. On the question of admission into evidence that petitioner's confederate in the crime entered a plea of guilty, we agree with the findings and conclusions of the District Court found in the App. at pp. 48–51. No objection was made to this testimony, and the testimony does not rise to the level of a due process violation. The terms of the guilty plea were relevant on the question of the confederate's credibility.

Accordingly, the judgment of the District Court is AFFIRMED for the reasons set out in the District Court's opinion below.